IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODNEY JAMES,

        Petitioner,        No. CIV S-11-2352 JAM EFB P

   vs.

NANCY HARDY, Warden,

        Respondent.      <u>ORDER AND
FINDINGS AND RECOMMENDATIONS</u>

_____/

    Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. He challenges the decision of the California Board of Parole Hearings ("Board") to deny him parole at a parole consideration hearing held on January 7, 2010. Dckt. No. 1 at 40.[1] He claims that the Board's 2010 decision was unconstitutional because it was not supported by some evidence of petitioner's current dangerousness. *Id.* at 5, 7, 22-26. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    Petitioner seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). Examination of the *in forma pauperis* affidavit reveals that petitioner is unable to afford the costs of suit. Therefore, the request will be granted. *See* 28 U.S.C. § 1915(a). However, for the

---

[1] For ease of reference, all references to page numbers in the petition are to those assigned via the court's electronic filing system.

reasons explained below, the court finds that petitioner's application for a writ of habeas corpus must be dismissed. *See* Rule 4, Rules Governing § 2254 Cases (requiring summary dismissal of habeas petition if, upon initial review by a judge, it plainly appears "that the petitioner is not entitled to relief in the district court").

### I.     Petitioner's Due Process Claim

Petitioner alleges that the Board's decision violated his right to due process because it was not supported by some evidence of petitioner's current dangerousness.  Under California law, a prisoner is entitled to release unless there is "some evidence" of his or her current dangerousness. *In re Lawrence*, 44 Cal. 4th 1181, 1205-06, 1210 (2008); *In re Rosenkrantz*, 29 Cal. 4th 696, 651-53 (2002). According to the United States Supreme Court, however, federal habeas review of a parole denial is limited to the narrow question of whether a petitioner has received "fair procedures." *Swarthout v. Cooke*, 526 U.S. __, ___, 131 S.Ct. 859, 862 (2011).  In other words, a federal court may only review whether a petitioner has received a meaningful opportunity to be heard and a statement of reasons why parole was denied. *Id*. (federal due process satisfied where petitioners were "allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied"). Thus, this court may not review whether the Board correctly applied California's "some evidence" standard. *Id.* at 861.

Petitioner does not allege that he was not afforded constitutionally adequate process as defined in *Swarthout*--that is, that he was denied a meaningful opportunity to be heard or a statement of reasons why the Board denied him parole.  Rather, it appears from the petition that petitioner was given the opportunity to be heard at his 2010 parole suitability hearing and received a statement of the reasons why parole was denied. *See* Dckt. No. 1 at 43-145 (reflecting both petitioner's participation in the hearing and the Board's reasons for denying parole).  This is all that due process requires. *Swarthout*, 131 S.Ct. at 862-63.  Accordingly, petitioner is not entitled to relief on his due process claim.

## II. Conclusion

Based on the foregoing, the court concludes that the petition should be summarily dismissed for failure to state a cognizable claim. There is no basis for concluding that a tenable claim for relief could be pleaded if leave to amend were granted. *See Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted).

Accordingly, it is hereby ORDERED that:

1. Petitioner's request for leave to proceed *in forma pauperis* is granted; and
2. The Clerk of the Court shall serve a copy of this order together with a copy of petitioner's September 6, 2011 petition for a writ of habeas corpus with any and all attachments on Michael Patrick Farrell, Senior Assistant Attorney General for the State of California.

Further, it is hereby RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be dismissed; and
2. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant); *Hayward v.*

1  *Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of
2  appealability to review the denial of a habeas petition challenging an administrative decision
3  such as denial of parole by the parole board).

4  DATED: December 13, 2011.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4